WELLFORD, Circuit Judge,
dissenting.
This case has a number of troubling aspects, not the least of which was the lack of opportunity of the creditors of plaintiff Bostick to express their views on the appropriateness of the settlement negotiated in District Judge Harvey’s court. Certainly among the real parties at interest in *284 Bostick’s claim against defendant Lind-berg, after the filing of the Chapter 11 bankruptcy petition, were the creditors of Bostick. All the parties and their representatives before the district court were aware of Bostick’s bankruptcy at the time of the settlement and of the interest of the bankruptcy trustee as a fiduciary to secure a fair and reasonable settlement, primarily for the benefit of Bostick’s creditors. After the proposed settlement was negotiated and before any final action to enforce it, Lindberg itself, in a responsive pleading to the creditor banks’ effort in the bankruptcy court to have the settlement rejected, took the position that “Bostick should be ordered by the Bankruptcy Court to move for consideration of the proposed settlement.” J/A at 66 (Lindberg’s motion for rehearing and reconsideration filed November 22, 1982). Lindberg clearly was not asserting that the bankruptcy court had no jurisdiction to approve the proposed settlement. At that juncture, Lindberg took the position that “notice to creditors of the proposed settlement may be served” and that creditors should be afforded the opportunity for a hearing concerning the settlement in the bankruptcy court in which Bostick’s bankruptcy action was pending. J/A at 67.
Furthermore, Lindberg itself appealed from the failure of the bankruptcy court to consider (and to reconsider) the proposed settlement on its merits to then District Judge Guy. Although he ruled in December 1982 that the interlocutory appeal by Lindberg would “not materially advance the ultimate termination of either the bankruptcy proceeding or the related civil action,” and thus declined to grant the appeal, Judge Guy observed:
[Although the parties knew that any settlement agreement would have to be approved by the bankruptcy court, neither Bostick nor Lindberg sought such approval.
J/A at 203 (emphasis added). Thus Judge Guy’s view, with which all the parties apparently agreed, was that the proposed settlement agreement must have bankruptcy court approval.
Bostick acknowledges that the bankruptcy court lifted the automatic stay to permit Bostick to pursue the “related civil action against Lindberg” in the district court where it was originally filed, and that this action was never “removed” to the bankruptcy court for trial. Regrettably the bankruptcy court “never considered or decided if the district court settlement was in the best interest of the estate.” It seems, however, that Bankruptcy Judge Graves took this nonaction because the creditors had never been notified. See J/A at 265-66. Instead, he ruled that Bostick’s replacement counsel had the authority to reject the proposed settlement because the creditors did not receive notice, and apparently because at least several major bank creditors strongly urged rejection of the settlement as inadequate.
After having been rebuffed in its repeated efforts to have the bankruptcy court approve the settlement, Lindberg finally sought to have Judge Harvey order Bostick’s civil action dismissed pursuant to the terms of the proposed settlement agreement. Previous to that time, Lind-berg had taken the position in court that it recognized the settlement, in order to be finally effective, required a stamp of approval from the bankruptcy court. The record amply supports a conclusion that all parties and counsel understood that the proposed settlement announced in Judge Harvey’s court, but never filed following that announcement, was subject to ratification by the bankruptcy court. The parties took positive and affirmative steps to carry out that understanding of the settlement. I do not believe that Judge Harvey should have allowed Lindberg to reverse its position that bankruptcy court approval was necessary. Recognizing, as did both Bostick’s legal representative and Lind-berg, that the interests of creditors were involved and that Bostick’s counsel was acting in at least a quasi-fiduciary position, Judge Harvey should have withheld his dismissal of the case until the bankruptcy court considered the effect of the settlement on the interests of all the creditors, or until he himself determined, under the pe *285 culiar circumstances about which he was fully aware, that the settlement was reasonable and that no mistake or unconscionable undertaking had occurred.[1]
While I agree with the panel majority that the district court had jurisdiction to act based on the facts before it, I am convinced from positions taken by the parties in the bankruptcy court, and from all the circumstances, that the proposed settlement agreement included a tacit condition subsequent requiring bankruptcy court approval, or in the absence of bankruptcy court approval a similar determination by the district court itself with an opportunity for creditors of Bostick to be heard. The troubling lack of opportunity for creditors to be heard on the merits of the settlement, when coupled with Lindberg’s original position that the proposed settlement required approval by the bankruptcy court, persuades me that the district court’s dismissal of Bostick’s cause of action should be set aside. I would remand to the district court for a hearing on whether the settlement is in the best interests of Bostick's creditors or for remand to the bankruptcy court for that purpose.

. I do not consider the authority relied upon by Judge Harvey, In re Tidewater Group, 8 B.R. 930 (Bankr.N.D.Ga.1981), to support his ruling. Tidewater cited with approval Lincoln National Life Insurance Co. v. Scales, 62 F.2d 582 (5th Cir.1933), to the effect that a debtor in possession’s powers to bind the bankruptcy estate, including the rights of creditors, was subject to court approval. Thus, it held:
[A]n agreement by a debtor in possession to compromise litigation should also be binding upon all parties to the agreement pending a court determination as to whether or not to approve the agreement. See e.g. Frazier v. Ash, 234 F.2d 320 (5th Cir.1956). Therefore, Tidewater is competent to enter an agreement which is binding pending Court approval or disapproval
8 B.R. at 933.
Tidewater continued, in explanation: Of course, the issue of whether the agreement should be approved as being in the best interest of the creditors remains to be decided at the time when a hearing is held on the application for approval of the agreement. In re Haas Davis Packing Co., 2 BCD 167 (B.C.S.D.Ala.1975).
8 B.R. at 933.